IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLARD RAY PENDERGRASS, )<br>AIS #156619, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SIDNEY T. WILLIAMS, et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO. 2:04-CV-866-WHA<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 17, 2006, the plaintiff, Willard Ray Pendergrass ["Pendergrass"], filed a motion of misjoinder of parties. In support of this motion, Pendergrass asserts that "it was a mistake to add Alabama Crime Victims Compensation Commissions to this lawsuit [and] Martin A. Ramsey was added through bad counsel of William Horsman." *Court Doc. No. 51* at 1. Pendergrass therefore requests that the court "non-joind (sic) Martin A. Ramsey." *Id.* The court therefore construes this pleading as a motion to dismiss. Upon consideration of the motion to dismiss, the court concludes that this motion is due to be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by the plaintiff on July 17, 2006 be GRANTED.

2. The plaintiff's claims against Martin A. Ramsey be dismissed with prejudice.

3. Martin A. Ramsey be dismissed as a defendant in this cause of action.

4. This case be referred back to the undersigned for appropriate proceedings against the remaining defendants.

It is further

ORDERED that on or before August 1, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of July, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE